# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK
# MANHATTAN DIVISION

| | |
|---|---|
| **JAVELIN GLOBAL COMMODITIES (UK), LTD and BLUEGRASS COMMODITIES LP (formerly known as Blackjewel Marketing and Sales, LLC),** ) ) ) ) ) ) | |
| Plaintiffs, ) ) ) | Index No. 1:21-cv-00787-AKH |
| v. ) ) | |
| **LEXINGTON COAL COMPANY, LLC,** ) ) | |
| Defendant. ) ) | |

The motion is granted. The stipulated protective order is approved. So ordered.
/s/ Alvin K. Hellerstein
October 28, 2021

## JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Comes now Plaintiffs, Javelin Global Commodities (UK), Ltd and Bluegrass Commodities LP (formerly known as Black jewel Marketing and Sales, LLC) and Defendant, Lexington Coal Company, LLC and respectfully request that the Court enter the Stipulated Protective Order submitted contemporaneously herewith and show the Court as follows:

1. As evidenced by the signatures of counsel for the parties on the Stipulated Protective Order, the parties have agreed to the terms and conditions upon which certain information produced in this lawsuit shall be treated. Specifically, it is anticipated that certain information produced in this lawsuit will be confidential. Additionally, since some of the information to be produced in this lawsuit is housed in the United Kingdom additional protections must be put in place to protect "Protected Personal Data" as defined in the Stipulated Protective Order.

2. Paragraph 15 of the Stipulated Protective Order does provide that certain information can only be publicly filed with permission from the opposing party or further order of the Court. However, paragraph 15 of the proposed Stipulated Protective Order also provides that the Order "does not, by itself, authorize the filing of any document under seal."

WHEREFORE, PREMISES CONSIDERED, the parties respectfully request that the Court enter the Stipulated Protective Order that is submitted contemporaneously with this Motion.

[SIGNATURE PAGES FOLLOW]

Case 1:21-cv-00787-AKH   Document 43   Filed 10/28/21   Page 2 of 14

Dated: September 20, 2021
New York, New York

                                                Respectfully submitted,

                                                BAILEY & GLASSER LLP

                                                _*s/ John G. Turner, III*_____
                                                Jennifer S. Fahey
                                                John G. Turner III
                                                Robert R. Bell III
                                                BAILEY & GLASSER LLP
                                                209 Capitol Street
                                                Charleston, WV 25301
                                                jfahey@baileyglasser.com
                                                jturner@baileyglasser.com
                                                rbell@baileyglasser.com

                                                        - and –

                                                Kevin W. Barrett
                                                137 Betsy Brown Road
                                                Port Chester, NY 10573
                                                T: (304) 345-6555
                                                F: (304) 342-1110
                                                kbarrett@baileyglasser.com

                                                Brian A. Glasser
                                                BAILEY & GLASSER LLP
                                                1055 Thomas Jefferson St, NW
                                                Suite 540
                                                Washington, DC  20007
                                                bglasser@baileyglasser.com

                                                Attorneys for Javelin Global Commodities
                                                (UK), Ltd and Bluegrass Commodities LP,
                                                Plaintiffs

Dated: September 20, 2021
New York, New York

        Respectfully submitted,

        LEECH TISHMAN FUSCALDO & LAMPL, LLC

        __*s/ Jeffrey T. Criswell*_____
        Matthew J. Burne
        Leech Tishman Fuscaldo & Lampl, LLC
        250 Park Avenue, 7th Floor
        New York, NY 10177
        mburne@leechtishman.com

        David W. Lampl
        Jeffrey T. Criswell
        Leech Tishman Fuscaldo & Lampl, LLC
        525 William Penn Place, 28th Floor
        Pittsburgh, PA  15219
        dlampl@leechtishman.com
        jcriswell@leechtishman.com

        Attorneys for Lexington Coal Company LLC, Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

| | |
|---|---|
| JAVELIN GLOBAL COMMODITIES (UK), LTD and BLUEGRASS COMMODITIES LP (formerly known as Blackjewel Marketing and Sales, LLC), | ) ) ) ) ) ) |
| Plaintiffs, | ) Index No. 1:21-cv-00787-AKH |
| | ) ) ) |
| v. | ) ) |
| LEXINGTON COAL COMPANY, LLC, | ) ) |
| Defendant. | ) ) |

**CERTIFICATE OF SERVICE**

I, John G. Turner, III, do hereby certify that on September 20, 2021, I caused to be served a copy of the ***Joint Motion for Entry of Stipulated Protective Order*** through the Court's CM/ECF system, and by electronic mail to the following:

Matthew J. Burne
Leech Tishman Fuscaldo & Lampl, LLC
250 Park Avenue, 7th Floor
New York, NY 10177
T: (412) 261-1600
mburne@leechtishman.com

David W. Lampl
Jeffrey T. Criswell
Leech Tishman Fuscaldo & Lampl, LLC
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
dlampl@leechtishman.com
jcriswell@leechtishman.com
*Counsel for Defendant*

/*s*/ *John G. Turner, III* _____
John G. Turner, III

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK
# MANHATTAN DIVISION

| | |
|---|---|
| **JAVELIN GLOBAL COMMODITIES (UK), LTD and BLUEGRASS COMMODITIES LP (formerly known as Blackjewel Marketing and Sales, LLC),** )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, ) | **Index No. 1:21-cv-00787-AKH** |
| ) | **STIPULATED PROTECTIVE ORDER** |
| v. )<br>) | |
| **LEXINGTON COAL COMPANY, LLC,** )<br>) | |
| Defendant. )<br>) | |

Pursuant to Federal Rule of Civil Procedure (FRCP) 26(c), the undersigned parties and their attorneys find good cause for the issuance of a protective order (the "**Order**") to govern the handling of documents, testimony, exhibits, interrogatory responses, responses to requests to admit, and all other materials and information disclosed or provided in the above-referenced action (the "**Action**").

    1.    When used in this Order, the term:

        (a)    "**Confidential Information**" shall mean information or tangible things for which there is good cause for confidentiality. Confidential Information includes without limitation: technical data, trade secrets, know-how, research, agreements with third parties, lists of, or information relating to, employees and consultants including but not limited to, the names, contact information, jobs, compensation, and expertise of such employees and consultants, lists of, or information relating to, supplies and customers, price lists, pricing, methodologies, cost data, market share data, marketing plans, licenses, contract information, business plans, financial forecasts, historical financial data, budgets or any other confidential business or financial information, including without limitation: information regarding confidential business practices, or other confidential research development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, common law, or foreign data protection laws or other privacy obligations. "Confidential Information" does not include any information that:

   (i) is publicly available at the time of disclosure;

   (ii) becomes publicly available after disclosure through no fault of the Receiving Party (defined below); or

   (iii) the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure.

 (b) "**Disclosing Party**" shall refer to any party to this Action and any non-party disclosing or producing Protected Material (defined below) in connection with this Action.

 (c) "**Discovery Material**" shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, including deposition testimony, regardless of the medium or manner in which it was stored, generated, or maintained.

 (d) "**Document**" shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure and Southern District of New York Local Civil Rule 26.3(c)(2), and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates, or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

 (e) "**Protected Material**": any Discovery Material that is designated as "Confidential Information" or "Protected Personal Data".

 (f) "**Protected Personal Data**" shall refer to any information that a Disclosing Party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy obligations. Data protection laws include, without limitation, Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data (General Data Protection Regulation or GDPR); Data Protection Act 2018 (United Kingdom).

 (g) "**Receiving Party**" shall refer to any party to this Action that receives Discovery Material marked Confidential Information and/or Protected Personal Data from the Disclosing Party.

 (h) "**Security Breach**" means any act or omission that compromises the security, confidentiality, or integrity of Confidential Material;. Without limiting the foregoing, a compromise shall include any unauthorized access to or disclosure or acquisition of Confidential Material.

2. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

2

Material. Any use of Protected material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

3. All Discovery Material, including but not limited to Protected Material, produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

4. A party may in good faith designate Discovery Material as Protected Material by affixing a stamp bearing this legend to it, in a manner that does not interfere with the legibility of the Discovery Material.

5. A Disclosing Party may remedy an inadvertent failure to designate materials as Protected Material by supplemental written notice after discovering it inadvertently failed to designate information as Protected Material. Thereafter, the Discovery Material so designated shall be treated as Protected Material. The Receiving Party shall delete or destroy the incorrectly designated Discovery Material, and all copies thereof, and replace it with the newly designated Discovery Material. The Receiving Party must also notify any non-party to whom it disclosed Discovery Material about the new designation.

6. A Disclosing Party may designate as Protected Material any portion of a transcript from a deposition deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Protected Material ("**Protected Confidential Information**" and/or "**Protected Personal Data Testimony**") either orally at the deposition on the record or in writing no later than thirty calendar days after receipt from the court reporter of the final transcript. During such thirty day period, the parties shall treat the entire transcript as Protected Material.

7. Discovery Material designated as Protected Material or its contents may be disclosed only to the following persons:

    (a) counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

    (b) the named parties including in-house counsel, officers, directors, and the named parties' employees to whom disclosure is reasonably necessary for this Action;

    (c) experts, consultants, or investigators retained by counsel of record or the named parties to this Action including their staff who have signed the Acknowledgment attached hereto as Exhibit A;

    (d) outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, and litigation support services, engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

    (e) the Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

3

(f) court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

(g) any deposition or trial witness, including when counsel has a good faith belief that such person's testimony is reasonably likely to be taken, but only as necessary to their testimony or anticipated testimony and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies of the materials designated Protected Material);

(h) any mediator or arbitrator engaged by the named parties in connection with this Action;

(i) the persons who authored or received the document designated as Protected Material in the ordinary course of business through, for example, being carbon copied on an email; and

(j) other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

8. Each expert, advisor, consultant, fact witness, or potential fact witness who receives data marked as Protected Material shall be shown a copy of this Order and advised of its contents. Each such individual shall execute the written acknowledgement attached hereto as Exhibit A.

9. The Disclosing Party may redact parts of documents containing Protected Personal Data if the information redacted is not responsive to the Receiving Party's discovery requests. The Disclosing Party shall mark the part of the document where they redacted matter with a legend standing "REDACTED – PROTECTED PERSONAL DATA." The Disclosing Party shall preserve an unredacted version of each such document throughout the Action.

10. The Disclosing Party may redact parts of documents containing Confidential Information if the information redacted is not responsive to the Receiving Party's discovery requests. The Disclosing Party shall mark the part of the document where they redacted matter with a legend standing "REDACTED – CONFIDENTIAL INFORMATION." The Disclosing Party shall preserve an unredacted version of each such document throughout the Action.

11. Any person in possession of Protected Material shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards to protect the Protected Material against accidental loss, alteration, unauthorized disclosure or access, destruction, or damage. If a party does not have an information security program, it must comply with this provision by having the Protected Material managed by a third-party service provider that maintains an information security program.

12. If the Receiving Party retains any third parties including, but not limited to, e-discovery vendors, to further process Discovery Material designated Protected Material, the

Receiving Party must enter into a written processing agreement with those third parties that sets out:

      (a)      confidentiality obligations on all third-party personnel authorized to handle Protected Material;

      (b)      security obligations of the third party when handling Protected Material;

      (c)      requirements that the third party returns or destroys Protected Material at the end of the Action;

      (d)      requirements that the third party only process Protected Material on documented instructions from the Receiving Party; and

      (e)      data breach notification obligations for the third party.

13.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all improperly disseminated copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

14.      If the Receiving Party or any entity processing personal data on the Receiving Party's behalf suffers a Security Breach, it must immediately notify the Disclosing Party after learning of the Security Breach. The Receiving Party shall describe (a) the nature of the data breach; (b) the categories and approximate number of documents concerned; and (c) the measures taken to address the Security Breach. The Receiving Party agrees to cooperate with the Disclosing Party and law enforcement in investigating any Security Breach.

15.      Without written permission from the Disclosing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Action any Discovery Material designated as Protected Material. However, this Order does not, by itself, authorize the filing of any document under seal.

      If only portions of a document contain Protected Material, the party filing the document shall submit to the court a redacted copy of the same, in accordance with the Court's rules.

16.      If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any material designated as Protected Material, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Protected Material may be affected.

The Disclosing Party must notify the Receiving Party within thirty calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the Discovery Material designated as Protected Material.

(a) If the Disclosing Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Discovery Material marked as Protected Material before a determination by the court from which the subpoena or order issued, unless the Disclosing Party consents to such production in writing.

(b) Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

17. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. The provisions of Rule 502(b) do not apply.

18. Within thirty calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Discovery Material designated as Protected Material or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Protected Material may have been reproduced or captured.

Whether the Receiving Party returns or destroys the Discovery Material designated as Protected Material, the Receiving Party must submit a written certification to the Disclosing Party by the thirty day deadline that (a) identifies (by category, where appropriate) all of the Protected Material that it returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Discovery Material designated as Protected Material. Any such archival copies that contain or constitute Discovery Material designated as Protected Material remain subject to this Order.

[SIGNATURE PAGE FOLLOWS]

Dated: September 20, 2021
New York, New York

                                       Respectfully submitted,

                                       BAILEY & GLASSER LLP

                                       __*s/ John G. Turner, III*_____

Jennifer S. Fahey
John G. Turner III
Robert R. Bell III
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
jfahey@baileyglasser.com
jturner@baileyglasser.com
rbell@baileyglasser.com


              - and –


Kevin W. Barrett
137 Betsy Brown Road
Port Chester, NY 10573
T: (304) 345-6555
F: (304) 342-1110
kbarrett@baileyglasser.com

Brian A. Glasser
BAILEY & GLASSER LLP
1055 Thomas Jefferson St, NW
Suite 540
Washington, DC 20007
bglasser@baileyglasser.com


Attorneys for Javelin Global Commodities (UK), Ltd and Bluegrass Commodities LP, Plaintiffs

7

Dated: September 17, 2021
New York, New York

                                        Respectfully submitted,

                                        LEECH TISHMAN FUSCALDO & LAMPL, LLC

                                        __*s/ Jeffrey T. Criswell*_____
                                        Matthew J. Burne
                                        Leech Tishman Fuscaldo & Lampl, LLC
                                        250 Park Avenue, 7th Floor
                                        New York, NY 10177
                                        mburne@leechtishman.com

                                        David W. Lampl
                                        Jeffrey T. Criswell
                                        Leech Tishman Fuscaldo & Lampl, LLC
                                        525 William Penn Place, 28th Floor
                                        Pittsburgh, PA  15219
                                        dlampl@leechtishman.com
                                        jcriswell@leechtishman.com

                                        Attorneys for Lexington Coal Company LLC, Defendant

**SO ORDERED.**

Dated: September __, 2021
New York, New York

                                        _____
                                        Honorable Alvin K. Hellerstein
                                        United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------ X
[NAME],                        :       [__ Civ. ____ (___)(___)]
            Plaintiff(s),      :
        Against                :
[NAME],                        :
            Defendant(s).      :
------------------------------ X
```

**ACKNOWLEDGEMENT**

I, _____, declare that:

1. I have received a copy of the Stipulated Protective Order ("**Protective Order**") in this Action.

2. I have carefully read and understand the provisions of this Protective Order and will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action any information designated Confidential Information and/or Protected Personal Data that I receive in this Action.

3. I agree that at the conclusion of the litigation, I will return all Discovery Material designated as Confidential Information and/or Protected Personal Data to the party or attorney from whom I received it.

4. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Protective Order.

5. I understand that disclosure of information designated as Confidential Information and/or Protected Personal Data in violation of the Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
            Date                                      Signature