UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
           :
JAVELIN GLOBAL COMMODITIES (UK),  :
LTD and BLUEGRASS COMMODITIES LP,   :   **ORDER GRANTING**
           :   **DEFENDANT'S MOTION FOR**
                     Plaintiffs,  :   **RECONSIDERATION**
   -against-                     :
           :   21 Civ. 787 (AKH)
LEXINGTON COAL COMPANY, LLC,    :
           :
                     Defendant.  :
           :
           :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Lexington Coal Company ("Lexington") moves for reconsideration of my rulings at argument and in my summary order of December 20, 2022. ECF No. 82.[1] The issue is whether or not I erred by holding that a term sheet constituted an enforceable contract with Plaintiffs Javelin Global Commodities (UK) Ltd ("Javelin") and Bluegrass Commodities LP, ("Bluegrass" and, for both Plaintiffs, "Javelin"). I grant reconsideration under Fed. R. Civ. P. 60(b)(6), and, upon reconsideration, reverse my rulings because of material issues of fact as to the Parties' intent. *See* ECF No. 82.

        The term sheet agreed to January 25, 2022, had several components. ECF No. 56-1. A settlement of claims and release of obligations under a marketing agreement for $750,000; a settlement of claims under a purchase order confirmation for purchase and delivery of a trainload of metallurgical coal (around 12,000 standard tons at $130 per ton at or around stated

---

[1] I assume familiarity with the factual background of this case, which my previous ruling, ECF No. 82, addressed. The following discusses only the facts necessary to resolve the pending motion, ECF No. 83.

dates); an option for another trainload at $150 per ton; and deliveries at or around certain dates at stated places of 11 trainloads of thermal coal (aggregating 134,261 tons) without a stated price and subject to purchase orders not yet in writing. The first two sets of agreements were proposed to settle the claims of the pending lawsuit; the claims concerning thermal coal arose after the lawsuit was filed and were not embodied in any amended or supplemental complaint. Finally, the term sheet contemplated a formal agreement.

Subsequent negotiation, reflected in an exchange of brief emails of June 2 and 6, 2022, made reference to various agreements carrying out the terms and conditions of the Term Sheet, and added another: a $ 1,000,000 payment for the metallurgical coal. ECF No. 71-11, 12. No document explains the purpose of the payment: is it a reduced price? A consideration in lieu of delivery? And what is the relation, if any, of the consideration to Javelin's option for another trainload? These, and other open questions of material fact regarding the meaning of the June 2 and 6, 2022, email exchange, and its relationship to the Term Sheet, remain.

I previously held that the Term Sheet constituted a "binding contract," containing an "agree[ment] to all material terms," even though further negotiations were contemplated, and that the subsequent email exchange on June 2 and 6, 2022, did not constitute a superseding contract. ECF No. 82 at *3. My reconsideration of these documents causes me to come to a different conclusion. The Term Sheet's provisions regarding thermal coal do not evince clear agreement as to price, a material term. Also, although the Term Sheet suggests a potential agreement regarding claims relating to the deliveries of metallurgical coal, Parties' subsequent conduct, in particular their emails of June 2 and 6, 2022, suggests that there was not in fact a complete meeting of the minds regarding metallurgical coal.

Accordingly, upon reconsideration, I vacate my order of December 20, 2022, and the rulings at the argument that it summarized. ECF No. 82. Both Plaintiffs' and Defendant's underlying motions to enforce their versions of settlement are now denied. ECF Nos. 56, 70.

Plaintiffs are granted leave by March 15, 2023, to amend and supplement their complaint to add the claims relating to thermal coal; Defendant, by March 28, 2023, to Answer. The amended complaint shall allege normal breach of contract damages (the price of cover less contract price). A status conference will be held March 31, 2023, 10:00 am to chart further proceedings. The Clerk shall terminate ECF No. 83.

SO ORDERED.

Dated: February 28, 2023
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge