UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

JAVELIN GLOBAL COMMODITIES (UK) LTD.
ET and BLUEGRASS COMMODITIES, LP,

                Plaintiffs,

-against-

LEXINGTON COAL COMPANY, LLC,

                Defendant.

------------------------------------------------------------- X

**ORDER PERMITTING REGISTRATION OF JUDGMENT**

21 Civ. 787 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs Javelin Global Commodities (UK) Ltd. and Bluegrass Commodities, LP move to register in the Eastern District of Kentucky and the Southern District of West Virginia the judgment I entered against Defendant Lexington Coal Company, LLC on November 5, 2024. *See* ECF No. 127. Under 28 U.S.C. § 1963, a judgment "for the recovery of money or property" may be registered in another district "when the judgment has become final by appeal or expiration of the time for appeal." When, as here, a judgment is appealed, *see* ECF No. 132 (Notice of Appeal), the district court that entered the judgment may order registration in another district "for good cause shown." 28 U.S.C. § 1963. As I have held previously, "good cause, for the purposes of section 1963, is established upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment." *Andes Petroleum Ecuadro Ltd. v. Occidental Exploration Prod. Co.*, 2022 WL 3227874, at *4 (S.D.N.Y. Aug. 10, 2022) (citations omitted). Since "it can be difficult for a judgment creditor to locate a judgment debtor's property in other judicial districts

1

. . . judgment creditors need not show exact evidence of assets and registration may be granted upon a lesser showing." *Id.*

I hold that Plaintiffs have established "good cause" for allowing them to register their judgment in another district. Plaintiffs have shown that Defendant Lexington does not have property in the Southern District of New York, given that Lexington is not registered to do business in the State of New York and that New York is not home to any coal mines or coal reserves. Plaintiffs have further shown that Lexington's principal place of business is in the Eastern District of Kentucky and that Lexington is also registered to do business and owns property in the Southern District of West Virginia. It is reasonable to infer that Plaintiffs may be able to enforce the judgment in those districts.

Plaintiffs' motion to register the judgment is granted and Plaintiffs may file the judgment in the Eastern District of Kentucky and the Southern District of West Virginia. The Clerk shall terminate the motion, ECF No. 130.

SO ORDERED.

Dated:     January 14, 2025
             New York, New York

ALVIN K. HELLERSTEIN
United States District Judge